IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARVIN MYERS                                              PLAINTIFF

VS.                               CIVIL NO. 5:18-cv-81(DCB)(MTP)

BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL
INSURANCE COMPANY                                         DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Marvin Myers (on behalf of Pattie M. Myers, deceased)'s Motion to Remand to State Court, i.e. the Circuit Court of Franklin County, Mississippi **(docket entry 13)**. Myers asserts that the health insurance plan at issue in this case gives him the unrestricted right to litigate his claim in state court.

In support of his motion, Myers shows that Pattie M. Myers was employed by United Mississippi Bank in Franklin County, Mississippi, and was insured under a health insurance policy or plan obtained through her employment. The plan was captioned "Mississippi Bankers Association Plan III" and was underwritten, issued, insured, and administered by Blue Cross & Blue Shield of Mississippi ("BCBS").

Mrs. Myers was hospitalized at New Iberia Medical Center in New Iberia, Louisiana, from February 10, 2015, until her death on March 14, 2015. The hospital submitted a bill to BCBS for Mrs. Myers' final medical expenses in the total amount of $556,682.

BCBS denied payment of the hospital bill on the basis that it was "not a covered service" under the plan in question.

Mrs. Myers's husband, Marvin Myers, filed suit against BCBS in the Circuit Court of Franklin County, Mississippi for recovery of benefits due under the plan and for bad faith denial of benefits. BCBS removed the case to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331. BCBS contends that the health plan is governed by ERISA, 29 U.S.C. § 1001 et seq, and that enforcement of ERISA raises a federal question.

During the telephonic case management conference, plaintiff's counsel raised the issue that the plan gave the plaintiff the choice of filing the case in state or federal court. Counsel for plaintiff told Magistrate Judge Parker that the plaintiff anticipated filing a motion to remand to enforce his right to choose state court as a forum. Magistrate Judge Parker, therefore, entered an order deferring entry of a case management order and directed the plaintiff to file a motion regarding the appropriate forum for this action.

Plaintiff's counsel argues that the health plan in question is not subject to ERISA and does not implicate a federal question. Moreover, counsel insists that this Court is without subject matter jurisdiction. On November 19, 2018, the plaintiff filed a Motion to Remand (docket entry 13).

BCBS insists that its removal to this Court was proper, and

that the Plan language relied upon by the plaintiff merely informs beneficiaries of their right under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to file suit in state or federal court, a disclosure required by ERISA. It does not constitute a waiver of BCBS's statutory right to remove this action to federal court.

On February 9, 2015, Mrs. Myers was admitted to New Iberia Surgery Center in New Iberia, Louisiana, to undergo a laparoscopic sleeve gastrectomy, a type of bariatric or weight loss surgery for treatment of morbid obesity. (Docket entry 1-1, Complaint at ¶13). On February 10, 2015, following the surgery and after being discharged, Mrs. Myers began experiencing complications and was admitted to Iberia Medical Center, where she continued to suffer complications from the initial surgery until her death on March 14, 2015 (the "Hospitalization"). (Docket entry 1-1, Complaint at ¶8). Mrs. Myers had health care coverage under a health and wellness benefit plan ("the Plan") with BCBS through her employer, United Mississippi Bank. (Docket entry 1-1, Complaint at ¶ 5). Under the Plan, "[w]eight reduction programs and treatments for obesity including any Surgery for morbid obesity" and complications from such treatments are not covered, regardless of the reasons for and/or medical necessity of the surgery or services. See Ex. A, Plan Excerpt, Article XIV, Paragraphs (A)(30) and (A)(61), at BCBSMS 67, 69. Therefore, claims for Mrs. Myers's Hospitalization

3

were denied. See id.[1]

The plaintiff filed this lawsuit on May 17, 2018, asserting claims against BCBS arising from the denial of hospital benefits for Mrs. Myers's Hospitalization. [Dkt. 1-1]. Blue Cross was served with process on June 26, 2018, and timely removed the case on July 24, 2018, on the basis of federal question jurisdiction under ERISA. Mrs. Myers's health care coverage under the Plan through her employer is an "employee welfare benefit plan" as defined under and subject to ERISA.[2] Thus, the plaintiff's claim

---

[1] In Ellison v. Blue Cross & Blue Shield of Mississippi, 529 F.Supp.2d 620 (S.D. Miss. 2007), the United States District Court for the Southern District of Mississippi (Judge Henry T. Wingate) granted BCBS's motion for summary judgment and dismissed a lawsuit involving virtually identical facts. In the Ellison case, the Plaintiff underwent prepaid gastric bypass surgery at the Baylor University Medical Center in Dallas, Texas. Shortly thereafter he experienced gastric leakage and was treated at St. Dominic Jackson Memorial Hospital in Jackson, Mississippi. As in Mrs. Myers' situation, BCBS denied coverage for the St. Dominic hospitalization because the treatment was for medical complications that arose as the result of surgery for morbid obesity. The exclusions involved in Ellison are identical to the exclusions in Mrs. Myers' Plan. See id. at 622-23. Judge Wingate found no coverage existed for the subsequent St. Dominic hospitalization and upheld the claim denial, recognizing "Blue Cross' policy is not ambiguous; its provisions are clear." Id. at 628.

[2] The term "employee welfare benefit plan" means "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)." 29 U.S.C. § 1002(1).

4

for benefits arises under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and is completely preempted by that act.[3]

On November 19, 2018, the plaintiff filed his Motion to Remand and supporting memorandum, asserting that under the terms of the Plan he was permitted to choose between state and federal court, and asserting that Blue Cross waived its right to remove claims arising out of the Plan. (See Docket entries 13 and 14).

BCBS responded, contending that the plaintiff's arguments are without merit and that the Motion to Remand should be denied. (See Docket entries 16, 17 and 20). Myers has filed a rebuttal, insisting that he has the right to select the state court forum. (See Docket entry 21).

State and federal courts have concurrent jurisdiction over ERISA claims brought by employees to recover benefits, enforce rights, or clarify rights under employee benefit plans. See 29 U.S.C. § 1132(e)(1). Thus, the plaintiff's suit to recover benefits from Mrs. Myers's Plan is the type of suit that may be filed in either state or federal court. It is also the type of

---

[3] In his Memorandum in Support of Motion to Remand to Enforce Plaintiff's Contractual Right to Select Forum, the plaintiff asserts that the Plan is not an ERISA plan. The plaintiff asserts no basis for this contention, but rather states that he "anticipates filing a separate motion to remand for lack of subject matter jurisdiction." (Docket entry 14, Memorandum at p.2). BCBS submits that the Plan is clearly an ERISA plan, as acknowledged by Plaintiff's counsel during the Case Management Conference. The plaintiff asserts that the Plan is not an ERISA plan; however, the plaintiff offers no basis for this contention, but rather states that he "anticipates filing a separate motion to remand for lack of subject matter jurisdiction." (Id.).

5

suit that can be removed from state court to federal court at the defendant's request. See 28 U.S.C. § 1441(a)(stating defendants may remove civil actions filed in state court to federal district court if the district court had original jurisdiction over the cause of action).

In support of his Motion to Remand, the plaintiff argues that BCBS waived its right to remove this case to federal court because the summary plan description in the Plan states, in part: "Under ERISA, there are steps you can take to enforce the above [ERISA] rights. ... If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. See Exhibit A, Plan Excerpt at BCBSMS 6-7. Numerous courts have rejected the plaintiff's argument, holding that the phrase "you may file suit in a state or federal court" is a statutorily mandated disclosure of ERISA rights rather than a forum selection clause, and that "[t]he right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum." See, e.g., Cruthis v. Metro. Life Ins. Co., 356 F.3d 816, 818-19 (7th Cir. 2004). The Fifth Circuit has indicated that it agrees. See Ballew v. Cont'l Airlines, Inc., 668 F.3d 777, 786 n.8 (5th Cir. 2012)(quoting Cruthis and stating "we find our sister circuit's construction of ERISA persuasive"). The language relied upon by the plaintiff is required under ERISA and does not constitute a waiver of Blue Cross's right to remove this case.

6

Under ERISA, a summary plan description must notify employees of the "remedies available under the plan for the redress of claims which are denied in whole or in part." 29 U.S.C. § 1022(b). The Plan language cited and relied upon by the plaintiff ("If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court ...") is the result of Blue Cross complying with federal law by informing Mrs. Myers of her right under ERISA to initiate suit in either state or federal court. In fact, the Code of Federal Regulations sets forth a "model statement" for plan drafters to use to ensure their summary plan descriptions comply with ERISA's disclosure requirements. The model statement reads, in part: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court." See 29 C.F.R. § 2520.102-3(t)(2). The language in Mrs. Myers's Plan is taken verbatim from the "model statement" and simply informs an employee of his or her rights under ERISA and where he or she may file suit. This is further demonstrated by the fact that the relevant section in the Plan begins with the sentence "As a participant in the Benefit Plan, you are entitled to certain rights and protections under ERISA…[,]" and the first sentence of the relevant paragraph states that "[u]nder ERISA, there are steps you can take to enforce the above rights." See Ex. A, Plan Excerpt at BCBSMS 6-7 (emphasis added). Therefore, the plain language of the statement in question

indicates it is a disclosure of applicable law rather than a substantive contract provision. See Cruthis, 356 F.3d at 819.

Furthermore, there is no evidence the drafters of ERISA intended this disclosure statement to act as a substantive contract provision and eliminate the right of removal provided by 28 U.S.C. § 1441(a). See Cruthis, 356 F.3d at 819. As the Seventh Circuit noted in Cruthis, "ERISA contains no express provision against removal," and there "is also no indication in ERISA's legislative history that Congress intended to prevent removal of employee actions filed in state courts." Id. (quoting Clorox Co. v. U.S. Dist. Court for the Northern Dist. of California, 779 F.2d 517, 521 (9th Cir. 1985)). The Cruthis court further stated: "If this Court interprets the phrase, 'you may file suit in a state or federal court' as a waiver of the right to remove, it would result in the virtual elimination of removal in ERISA cases because every employer covered by ERISA is required to make such a disclosure." See Cruthis, 356 F.3d at 819 (citing Clorox, 779 F.2d at 521). Clearly that is not the case, as ERISA cases are routinely removed to federal court.

The language in the disclosure statement does not compel a finding of waiver of the defendant's right to remove. See Cruthis, 356 F.3d at 819. As noted above, "[t]he right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum." Id. Mrs. Myers was granted the right to file

8

suit in state or federal court, and her husband, on her behalf, exercised that right. This is consistent with BCBS's right to remove the case once it has been filed. Id.

Many courts, including district courts in the Fifth Circuit, have addressed and rejected the plaintiff's "waiver of the right to remove" argument with respect to the exact language contained in the Plan.[4] Also, as noted above, in Ballew v. Cont'l Airlines,

---

[4] See Cruthis, 356 F.3d at 817-19 (defendant's "statement clearly was made to comply with ERISA's disclosure requirements .... Thus, the plain language of the statement indicates that it is a disclosure of applicable law rather than a substantive contract provision."); Clorox, 779 F.2d at 521 (passage stating "you may file in state or federal court" did not constitute a waiver of removal right); Cass v. Allstate Ins. Co., 2007 WL 3119437, at *1 (E.D. La. Oct. 23, 2007) ("forum selection provision providing for concurrent state and federal jurisdiction is not a waiver-of-removal clause"); Payne v. Hartford Life and Accident Inc. Co., 2007 WL 2262942, at *2 (W.D. La. Aug. 3, 2007)("this language does not ... clearly and unequivocally constitute a waiver of the defendant's removal rights"); Thompson v. Blue Cross Blue Shield of Louisiana, 2001 WL 1223598, at *1 (E.D. La. Oct. 12, 2001)(identical language is not waiver of defendant's right to removal); Wilson v. Consol Energy, Inc., 2012 WL 1657135, at *1 (W.D. Pa. May 10, 2012)(quoting Gatti v. W. Pennsylvania Teamsters & Emp'r Welfare Fund, 2007 WL 3072264, *3 (W.D. Pa. 2007)("courts have held that a defendant plan which includes the mandated language has not waived its right to remove to federal court an action arising under section 502(a)")); Galvanek v. AT & T, Inc., 2007 WL 3256701, at *5 (D. N.J. Nov. 5, 2007); Zelenka v. United Healthcare & Life Ins. Co., 1997 WL 411219, * 1 (E.D. La. July 18, 1997)("The fact that the plan language states that an employee may file suit in state court does not prevent removal. ERISA expressly provides that state and federal courts have concurrent jurisdiction over suits for ERISA benefits. 29 U.S.C. § 1132(e)(1). Concurrent jurisdiction does not affect a defendant's right to remove to federal court."); Satterfield v. Fortis Benefits Ins. Co., 225 F.Supp.2d 1319, 1321-22 (M.D. Ala. 2002)(court could not reasonably construe same excerpt to give plaintiff irrevocable choice of forum language); Hooper v. Albany Int'l. Corp., 149 F.Supp.2d 1315, 1323-24 (M.D. Ala. 2001)("The court cannot reasonably construe the [ERISA] exception ... from exclusive federal jurisdiction to mean that it bestows on Plaintiff an irrevocable choice of forum. The removal statutes by their very nature take away a plaintiff's power to choose his forum in limited cases, and defendants have an absolute right to remove cases over

9

Inc., the Fifth Circuit quoted the holding in Cruthis in a footnote, stating:

> Insofar as Retirees may contend that the judicial review provisions of the [collective bargaining agreement] constitute a forum selection clause, we find our sister circuit's construction of ERISA persuasive. See Cruthis v. Metro. Life Ins., 356 F.3d 816, 819 (7th Cir. 2004)("[W]e join the several courts that have addressed this issue by holding that the phrase, 'you may file suit in a state or federal court' is a statutorily required disclosure of an employee's ERISA rights rather than a forum selection clause." (citations omitted)).

Id. at 786 n.8.[5]

Moreover, other "[f]ederal courts within the Fifth Circuit that have addressed a motion to remand on the ground of the state court's concurrent jurisdiction, coupled with the plaintiff's right to choose a forum, have rejected the concept that concurrent jurisdiction precludes removal of an ERISA case." See Barrow v. Harris Corp., 2004 WL 2713276, at *1 (W.D. Tex. Nov. 30, 2004) (citing Washington v. Fitzgeralds South, Inc., 1998 WL 930702 (N.D. Miss. 1998)); McLaughlin v. General American Life Ins. Co., 1998 WL 24427 (E.D. La. Jan 21, 1998); Zelenka v. United Healthcare and Life Ins. Co., 1997 WL 411219 (E.D. La. 1997); Olsen v. Atlantic

---

which a federal court would have had original jurisdiction."); Fanney v. Trigon Ins. Co., 11 F.Supp.2d 829, 831 (E.D. Va. 1998)(identical statement in plaintiff's summary plan description "simply informs plan participants that there is concurrent state and federal jurisdiction for routine ERISA claims for benefits"); Yurcik v. Sheet Metal Workers' Int'l Ass'n, 889 F.Supp. 706, 707 (S.D.N.Y. 1995)(provision in plaintiff's pension plan handbook stating he could file in state or federal court did not bar right of removal).

[5] In that case, it appears the plaintiffs did not raise the venue argument, but the Court addressed it in advance. Id.

Richfield Co., 1996 WL 739039 (N.D. Tex. 1996)). In Washington v. Fitzgeralds South, Inc., the plaintiff moved to remand on the ground of the state court's concurrent jurisdiction, coupled with the plaintiff's right to choose a forum. 1998 WL 930702, at *1. The court held that "the plaintiff's right to choose a forum has no bearing on the defendants' statutory right to remove this action to federal court." Id. According to the court, "28 U.S.C. § 1441(a) authorizes the removal of 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" Id. Since "[o]riginal jurisdiction does not mean exclusive jurisdiction ... the existence of concurrent state and federal jurisdiction does not operate to defeat defendant's right of removal to federal court." Id. (citations omitted). Therefore, the court found that the case was properly removed. Id.

The case cited by the plaintiff, City of Rose City v. Nutmeg Insurance Company, 931 F.2d 13 (5th Cir. 1991), is distinguishable. First, it did not involve an ERISA plan. Id. at 14. Second, the contract language at issue was completely different than the Plan language relied upon by the plaintiff. Id. In Rose City, the relevant policy language indicated the insurer expressly agreed to submit to the insured's choice of forum, stating:

> [i]n the event of our [the insurer's] failure to pay any amount claimed to be due under your [the plaintiff's] policy, we, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction

> within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
>
> ... [I]n any suit instituted against us upon this contract, we will abide by the final decision of such Court or any Appellate Court in the event of any appeal.

Id. (emphasis added). The Plan language at issue in this case, on the other hand, simply provides, per ERISA, a general forum where suit may be filed. The alleged forum selection clause is not mandatory. Consistent with the applicable case law, the federally mandated Plan language cannot be interpreted as a waiver of the right to removal. In fact, in Thompson, supra, a case which involved plan language identical to that at issue here, the United States District Court for the Eastern District of Louisiana rejected a plaintiff's reliance on Rose City, stating: "In [Rose City], the contract stated that 'we, at your request agree to submit to the jurisdiction of any court of Competent jurisdiction....' ... The plan[] in [Rose City] clearly gave the insured a choice. However, the same cannot be said for the defendant's plan." 2001 WL 1223598, at *1.

The plaintiff argues that if BCBS wanted to reserve its right to remove, it could have said so explicitly in the Plan. However, since there is no language in the Plan suggesting BCBS was waiving its right to remove in the first place, an explicit reservation of that right was unnecessary. BCBS had no reason or need to explicitly reserve the right to remove as a matter of law.

For the reasons discussed above, this Court joins those courts which have addressed this issue by holding that the phrase, "you may file suit in a state or federal court" is a statutorily required disclosure of an employee's ERISA rights rather than a forum selection clause." See Cruthis, 356 F.3d at 819 (reversing the district court's finding that this statement was a forum selection clause)(citations omitted).

This Court finds further support for its position in Thompson, supra. The health insurance policy in that case provided that "if you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court." Id. at *1. The plaintiff contended that this language amounted to a forum selection clause and therefore precluded the defendant from removing the case to federal court. The defendant asserted that this was nothing more than boilerplate language mandated by ERISA that employers give employees summary descriptions of plan benefits.

The district court held that

> [i]t is the established rule that "[a]n intent to waive the right to remove to federal court and submit to the jurisdiction of state court must be clear and unequivocal ....'" Biggers v. State Farm Mutual Automobile Insurance Co., 1992 WL 266166 (E.D. La.) citing Carpenter v. Illinois Central Gulf Railroad Co., 524 F.Supp. 249, 251 (E.D. La. 1981)). The language at issue is required to be given to employees under ERISA. Title 29 U.S.C. § 1022(b) states that summary descriptions of plan benefits must be given to employees including the "remedies available under the Plan for the redress of claims which are denied in whole or in part." The sentence included

13

> in Article XXI is exactly the same language ERISA requires under 29 CFR 2520.102-3(t)(2) to be put in benefit plans.

Thompson, at *1.

In addition, the plaintiff's Motion to Remand is untimely. Section 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." In the context of a motion to remand based on an alleged forum selection clause, at least one district court in the Fifth Circuit has held that the failure to seek remand to state court within thirty days, allegedly to enforce a forum selection clause, constitutes a waiver and remand should be denied. Alvarez v. Standard Guar. Ins. Co., 2011 WL 13248279, at *2 (S.D. Tex. Apr. 15, 2011), report and recommendation adopted, 2011 WL 13248280 (S.D. Tex. May 9, 2011). Although several other federal courts have held that a forum selection clause is not a "defect" within the meaning of § 1447(c) and that the thirty-day statutory time limit does not apply to a motion to remand based on a forum selection clause, "[t]his is not to say ... that a district court lacks the discretion to deny such a motion if it is not raised on a timely basis." Kamm v. ITEX Corp., 568 F.3d 752, 757 (9th Cir. 2009). "Prior to the enactment of the statutory limitation, motions to remand were required to be brought within a reasonable time frame." Snapper, Inc. v. Redan,

14

171 F.3d 1249, 1257 n.18 (11th Cir. 1999). The rule still applies to remand motions not governed by § 1447(c). Kamm, 568 F.3d at 757; Snapper, 171 F.3d at 1257 n.18; Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1213 n.8 (3d Cir. 1991)("[A] district court in the proper exercise of its discretion may deny as untimely a non-procedural-defect, non-jurisdictional motion to remand if made at an unreasonably late stage of the federal litigation.").

Nearly four months passed from the removal of this action to when the plaintiff filed his Motion to Remand on November 19, 2018. Moreover, accepting as true the plaintiff's contention that he did not have a copy of the Plan before filing suit, the plaintiff has been in possession of a copy of the Plan since at least as early as August 15, 2018, yet he did not file his Motion to Remand until more than three months later. See Ex. B, Aug. 15, 2018, Letter from J. McCullough. Therefore, if not at the outset of the litigation, the plaintiff was, or should have been, aware of the alleged forum selection clause at least three weeks after the case was removed. The plaintiff's Motion to Remand based on the alleged forum selection clause was not brought within a reasonable time and, therefore, must be denied.

BCBS's removal of this case was proper. The language upon which the plaintiff's arguments rely – pulled verbatim from the federally published model statement – merely informs beneficiaries of their ERISA rights; it does not constitute a waiver of BCBS's

15

statutory right to remove this action to federal court.  Therefore, the plaintiffs' untimely Motion to Remand must be denied.

FOR THE FOREGOING REASONS, the plaintiff Marvin Myers (on behalf of Pattie M. Myers, deceased)'s Motion to Remand to State Court, i.e. the Circuit Court of Franklin County, Mississippi **(docket entry 13)** IS HEREBY DENIED.

SO ORDERED, this the 21st day of February, 2019.


                                       David Bramlette
                                       UNITED STATES DISTRICT JUDGE